FILED
8/25/2021 3:22 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-21-03516-A

CAUSE NO. _____

| | | |
|---|---|---|
| DENIQUWIA WILLIAMS, INDIVIDUALLY AND AS NEXT FRIEND OF X.X. and LAQUITA BUCKLE, INDIVIDUALLY AND AS NEXT FRIEND OF X.X. | § § § § § § § § § § § | IN THE COUNTY COURT<br><br>AT LAW NO. \_\_\_\_\_ |
| v. | | |
| GERALDA REES and ACE HARDWARE CORPORATION | | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. ("Plaintiffs") file this Original Petition complaining of Defendants Geralda Rees and Ace Hardware Corporation ("Defendants") and for cause of action states the following:

## DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiffs state that discovery in this cause is intended to be conducted under Level 3.

## JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial of this matter. Accordingly, Plaintiffs tender the proper jury fee with the filing of Plaintiffs' Original Petition.

## PARTIES

3. Plaintiff Deniquwia Williams is an individual residing in Dallas County, Texas. Plaintiff Deniquwia Williams is the legal guardian of X.X. and appears herein as same.

4. Plaintiff Laquita Buckle is an individual residing in Henry County, Georgia. Plaintiff Laquita Buckle is the legal guardian of X.X. and appears herein as same.

5. Defendant Geralda Rees is a nonresident. A current search of records indicates that he resides at 2155 Highway 95, Halleluja, AR 72063 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, pursuant to Tex.Civ. Prac. & Rem. Code § 17.062.

6. Defendant Ace Hardware Corporation is an incorporated entity and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## VENUE AND JURISDICTION

7. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

8. This lawsuit is based on a motor vehicular collision occurring on or about 07/24/2020, at or near the intersection of Interstate 635 and Interstate 30, Mesquite, Texas (hereinafter referred to as "The Collision").

9. The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

10. At the time of the collision, Defendant Geralda Rees was working in the course and scope of his employment for Defendant Ace Hardware Corporation. As a result of the collision,

Plaintiffs suffered serious, severe, and life altering injuries and damages.

## CAUSES OF ACTION

11. **Negligence, Negligence *Per Se*, and/or Gross Negligence and Respondeat Superior**

12. At the time of The Collision, Defendants Geralda Rees and Ace Hardware Corporation were negligent and / or negligent *per se* in one or more of the following particulars:

    a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
    b. In failing to timely apply the brakes of her vehicle in order to avoid the collision in question;
    c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
    d. In failing to yield the right-of-way;
    e. In failing to maintain the vehicle under control;
    f. In following too closely;
    g. In disregarding traffic signals;
    h. In failing to take proper evasive action;
    i. In driving while inattentive;
    j. In driving while looking at Defendant's cell phone, texting, emailing, or otherwise using a cellular device which diverted Defendant's attention from the road in front of Defendant; and
    k. In violating Texas Transportation Code Section 545.4251 (use of portable wireless communication device for electronic messaging).

13. At the time of The Collision, Defendant Geralda Rees was acting in the course and scope of his employment with Defendant Ace Hardware Corporation. As a result, Defendant Ace Hardware Corporation is legally liable for the acts and omissions of negligence of Defendant Geralda Rees under the doctrine of respondeat superior.

14. Ace Hardware Corporation was negligent in hiring Defendant Geralda Rees as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so. It was also negligent in its training of

      Defendant Geralda Rees and its operation of its company vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

15.    The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendant Ace Hardware Corporation guilty of gross negligence. Defendants' acts of negligence, when viewed objectively from the standpoint of Defendant Ace Hardware Corporation, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs. The gross negligence of Defendants was a proximate cause of the Collision and of the damages and injuries alleged herein. As a result of Defendants' gross negligence, Plaintiffs seek exemplary damages in an amount in excess of the jurisdictional limits of this Court.

16.    Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, negligence *per se*, and/or gross negligence, which proximately caused The Collision and Plaintiffs' injuries and damages.

## PERSONAL INJURIES AND DAMAGES

17.    As a result of Defendants' negligent actions, Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. suffered personal injuries. Consequently, Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. seek recovery of the following damages:

        a.    <u>Medical Expenses:</u> Deniquwia Williams, Individually and as Next Friend

of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. incurred bodily injuries, which were caused by The Collision and Deniquwia Williams and Laquita Buckle incurred medical expenses for treatment of such injuries. Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. believe that, in reasonable medical probability such injuries will require the need for future medical care.

b. **Physical Pain**: Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipate such pain will continue in the future.

c. **Mental Anguish**: Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipate such mental anguish will continue in the future.

d. **Disfigurement**: Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipate such will continue in the future.

e. **Impairment**: Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipate such in the future.

f. **Loss of Earning Capacity**: Deniquwia Williams and Laquita Buckle lost wages as a result of the personal injuries sustained in The Collision. Deniquwia Williams, Individually and as Next Friend of X.X. and Laquita Buckle, Individually and as Next Friend of X.X. reasonably believe that such injuries will diminish Plaintiffs' earning capacity in the future.

## AGGRAVATION

18. In the alternative, if it be shown that the Plaintiffs suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## U.S. LIFE TABLES

19. Notice is hereby given to the Defendants that Plaintiffs intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiffs request that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

20. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

21. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs state that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs state that Plaintiffs seek monetary relief in excess of $250,000, but less than $1,000,000. As discovery takes place and testimony is given, Plaintiffs will be in a better position to give the maximum amount of damages sought.

22. Plaintiffs request that Defendants be cited to appear and answer, and that this case be tried after which Plaintiffs recover:

    a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b. Pre-judgment interest at the maximum amount allowed by law;
    c. Post-judgment interest at the maximum rate allowed by law;
    d. Costs of suit; and

      e.      Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**REYES | BROWNE | REILLEY**

 /s/ *Timothy R. Reilley*
Timothy R. Reilley
State Bar No. 00797297
Max M. Murphy
State Bar No. 24098159
8222 Douglas Ave, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (Fax)
tim@reyeslaw.com
max@reyeslaw.com
**ATTORNEYS FOR PLAINTIFFS**